WHITE, Defendant in Error, *vs.* BULLOCK, Plaintiff in Error.

1. Decree reversed for an error in the adjustment of a partnership account.

### Error to Franklin Circuit Court.

This was a bill in chancery filed by Horace Y. White on the 5th of April, 1849, against Leo Bullock, for an account of a partnership business and for an injunction of a judgment at law. The bill stated that on a settlement of partnership accounts, Bullock would be found indebted to the complainant in an amount exceeding the judgment. On a hearing, the Circuit Court, upon the finding of facts set out in the opinion of this court, gave a decree for the complainant for the sum of $23 45, after off-setting the judgment recovered by Bullock against the complainant. Bullock brings the case to this court by writ of error.

*Jones* and *Stevenson*, for plaintiff in error.

RYLAND, Judge, delivered the opinion of the court.

The following is the statement of facts, as found by the Circuit Court in this case :

That White and Bullock entered into partnership in the milling and farming business, some time in the month of March,

White *v.* Bullock.

1847, to the stock of which they were to contribute equally ; that the partnership existed for a period of six months ; that it was then dissolved, and the partnership effects, including stock, profits and every other species of effects, divided equally between the parties, leaving the partnership accounts unsettled. The court finds, also, that White advanced in all the amount of $580 80 ; that White received on this amount the sum of $7 35 ; that Bullock advanced $166 75 ; that Bullock was the acting partner ; that he received and disbursed the money of the concern ; that he received, in cash, $496 ; that he paid out the sum of $465 14, leaving the sum of $30 86 on hand ; that one of the items of disbursement in this account was the sum of $219 97, paid over to White by Bullock.

From this statement, then, it appears that White had advanced $580 80 ; that he had received $7 35 and $219 97, making $227 32. Deduct this from his advancements and it leaves the sum of $353 48 ; that Bullock had advanced $166 75 ; that the excess of receipts over disbursements in his hands was $30 86, which, deducted from his advancements, left $135 89. Take this sum thus advanced by Bullock, from the amount remaining of White's advancements, leaves the sum of $217 69, the amount of advances made by White over those of Bullock. The account will then stand thus : Bullock and White will owe White this sum of $217 69, one half of which must be paid by White, being $108 84, leaving the other half to be paid by Bullock.

Now, deducting this sum from the amount of the judgment obtained by Bullock against White, will show the amount to be paid by White to Bullock. This judgment is for $242 65 ; deduct what Bullock owes White, as above, being $108 84, will leave the sum of $133 81 still due to Bullock by White, without making any calculation of interest.

In the opinion of this court, the court below erred in not deducting the sum of $219 97 paid to White by Bullock from the advancements made by White. This deduction must be made before it can be ascertained how much Bullock is liable

to White for, or how much White is entitled to draw from the firm. Failing to do this, would make Bullock individually liable for what he is only liable as one of a firm, that is, for one half.

The judgment of the court below is reversed, and the cause remanded, the other judges concurring.